Aron Steur, J.
Respondent seeks a discovery and inspection in a trustee’s accounting pursuant to article 79 of the Civil Practice Act. A brief statement of the nature of the trust is essential to an understanding of respondent’s rights on this application. Prior to 1944 a corporation known as Presto Lock Corporation was in business. Its stock was held by the members of six families. In 1944 the corporation was dissolved and a partnership of the same name took over the assets and the business. Two of the stockholders became general partners. A trust was formed with the petitioner, who was attorney for *246 the company, as trustee, for the purpose of continuing the interest and investment of such of the remaining former stockholders as desired to become donors and contribute sums representing their prior stock ownership. Eespondent was one of these. The trust instrument is a carefully drawn, formal instrument and as might be expected bears more resemblance in its terms to an investment in a joint venture than it does to a conventional trust.
The venture has been extraordinarily successful. Eespondent has received returns far in excess of what might be expected from a highly profitable commercial investment. Nevertheless he is dissatisfied. Whether for this or some other reason, petitioner has decided to terminate respondent’s interest in the trust, as he has a right to do under the instrument and has brought this proceeding to approve his account and for a discharge.
Eespondent has brought an action for fraud and conspiracy against petitioner and the general partners. It is plainly respondent’s desire to bring the action to trial before the accounting can be had. It is one of the ironies of practice that although article 79 was designed for the prompt and efficient disposition of proceedings to account, respondent has been successful in preventing the accounting from ever beginning for a period of over 18 months.
The discovery and inspection sought is of the books of the partnership. It is indisputable that under the terms of the trust indenture he would be entitled to no such examination. Eespondent meets that by a claim that he is not bound by the terms of the indenture because material facts were concealed from him which induced his becoming a donor of the trust.
This is not the time to pass on the merits of this claim. But relief cannot be predicated on the assumption that it is valid. If the claim is a proper defense to the accounting and is established in the special proceeding, the procedure is sufficiently flexible to allow a discovery upon such facts being found, should the court deem it necessary. This application is accordingly denied without prejudice to a further application in the course of the proceeding as indicated.
Meanwhile the proceeding is being further held up by the pendency of an examination before trial which respondent is conducting of petitioner. In that examination 700 pages of testimony have been taken. Eespondent has cross-moved that the examination be concluded and that the proceeding itself get under way. There seems to be no reason why this should not be done. Aside from material that respondent hoped to *247 obtain from the discovery, there is nothing suggested as material for further examination.
The cross motion is granted, the examination is deemed closed, and the Referee is directed to fix a date for hearings as soon as conveniently possible.